Nash, C. J.
 

 The subject of cost is, in thi3 State, regulated by the act of 1886, ch. 31. The common law gave no costs to cither party. By the 79th section of the above statute, the party, in whose favor judgment is given, shall recover full costs, and it is under this section that the plaintiff resists the motion for a retaxation of the bill of costs. The declaration in tlio case contained three counts. Upon an intimation of the pro Biding Judge, that the first count could not be maintained, it was abandoned, and the cause put to the jury on the second and third counts, upon which a verdict was rendered for tho plaintiff, and a judgment given. A motion was made on -the part of the defendant, for instructions to the clerk not to tax against him the witnesses of the plaintiff, summoned on the first count. This was refused by the Court. In this there was error. The defendant is not bound under the statute to pay them. Every count in a declaration is in the nature of a seperatei declaration, and, to be in itself good and available, must contain matter sufficient on which to charge the defendant, and must be sustained by competent testimony; and all the counts - but one may be stricken out without injury to the plaintiff’s action. When, therefore, in this case the first count was aban
 
 *525
 
 doned by tbe plaintiff, is was, as to the declaration, precisely a# if it had never been inserted, and constituted no part of his case. The plaintiff was bound to know whether the facts embraced in the first count, laid the foundation of a legal claim against the defendant: if they did not, the witnesses to prove them were not necessary to his case. Nothing is more usual in the trial of a cause, wlieh a witness proves nothing, than to note him as not to be taxed against the adverse party. The law of costs would otherwise be intolerable, and it would be in the power of a malicious man, by joining with a just and legal claim, others that were unfounded, to overwhelm his adversary under a load of costs.
 

 The opinion in Costin v. Baxter, 7 Ire. 111, does not conflict with our opinion in this. In that case, the declaration contained three counts, and on the trial, the plaintiff offered no evidence upon two of them, and was permitted to enter a
 
 nol. pros,
 
 as to them, and recovered a verdict upon the third, and had his judgment for the amount awarded him by the jury, and’ for his costs. The defendant had summoned witnesses to defend him upon the withdrawn counts, and moved the Court for a judgment against the plaintiff for the amount of their attendance. This Court affirmed the judgment below, in refusing the motion, upon the ground that the act of 1836, ch. 31, sec. 79, provides for no division of costs between the parties plaintiff and defendant in any case. The case of Costin and Baxter is, however, a direct authority in support of our opinion here. It is stated in that case, that the plaintiff was not entitled to tax against the defendant his costs upon the expunged count, and, in stating what are the full costs of the suScessful party, his Honor Judge Ruffin says: “The Court frequently refuses to allow sums claimed by the successful party, as if ho had summoned more witnesses to a single fact than is allowed by the- act of 1783, or summoned witnesses to an irrelevant matter.”
 

 The judgment is erroneous in allowing full costs, and to that «stent is reversed, and judgment that the plaintiff recover the
 
 *526
 
 damages assessed by the jury, with costs, to be taxed by th'6 «Ierk, with instructions not to tax against the defendant the attendance of the witnesses summoned by the plaintiff upon his first count; and, for the purpose 6f having judgment entered in accordance with this opinion, it will be certified to the Superior Court of Buncombe county. IIaiiejss v. Lee, ante. 225. -The cost of this Court will be paid
 
 by
 
 the plaintiff.
 

 Judgment reversed.